# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# SHREVEPORT DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION NO. 18-00251-01/02 |
| VERSUS | JUDGE S. MAURICE HICKS, JR |
| ROBERT C. POIMBOEUF (01)<br>DONNA G. POIMBOEUF (02) | MAGISTRATE JUDGE HORNSBY |

## AMENDED MEMORANDUM ORDER[1]

Before the Court is a Magistrate Appeal filed by Defendant Robert C. Poimboeuf ("Mr. Poimboeuf"). See Record Document 65. Pursuant to Federal Rule of Criminal Procedure 59, Mr. Poimboeuf objects to portions of Magistrate Judge Hornsby's Memorandum Order of April 22, 2019. See Record Document 61. The Government has opposed the Magistrate Appeal. See Record Document 69. For the reasons set forth below, Mr. Poimboeuf's appeal is **DENIED** and Magistrate Judge Hornsby's Memorandum Order of April 22, 2019 is **AFFIRMED**.

Robert and Donna Poimboeuf are charged with one count of conspiracy to defraud the United States and four counts of making false statements on income tax returns. See Record Document 30. Mr. Poimboeuf's appeal relates to the Magistrate Judge's ruling on a defense discovery motion. See Record Document 45. In his appeal, Mr. Poimboeuf requests that portions of Magistrate Judge Hornsby's Memorandum Order of April 22, 2019 be modified or set aside. Such portions relate to Magistrate Judge Hornsby's denial of Mr. Poimboeuf's motion for the production of government records relating to the

---

[1] The Memorandum Order (Record Document 69) issued by this Court on August 1, 2019 is hereby amended for the limited purpose of correcting the case number. The original Memorandum Order referenced Criminal Action No. *08*-00251-01/02, instead of the correct Criminal Action No. *18*-00251-01/02.

investigation of Medicare billing and reimbursement practices of the Poimboeufs' business, D&G Holdings, LLC ("D&G").

Rule 59(a) provides:

> A district judge may refer to a magistrate judge for determination any matter that does not dispose of a charge or defense. The magistrate judge must promptly conduct the required proceedings and, when appropriate, enter on the record an oral or written order stating the determination. A party may serve and file objections to the order within 14 days after being served with a copy of a written order or after the oral order is stated on the record, or at some other time the court sets. The district judge must consider timely objections and modify or set aside any part of the order that is ***contrary to law or clearly erroneous***.

F.R.Cr.P. 59(a). Thus, this Court may modify or set aside Magistrate Judge Hornsby's Memorandum Order only if such order is contrary to law or clearly erroneous.

In the underlying motion practice and now as part of his appeal, Mr. Poimboeuf maintains that the Medicare audit records relating to D&G's billing practices are necessary to determine if and how much the gross receipts of D&G – and thus the Poimboeufs' income – were underreported on federal tax returns. Mr. Poimboeuf also contends that such records are relevant as to lack of knowledge and willfulness concerning the tax-related inaccuracies alleged by the Government.

The Government counters by noting that the records, i.e., the Medicare audit file, sought by Mr. Poimboeuf are not within its possession. Rather, the Medicare audit file is in the possession of AdvanceMed, the Medicare auditor. Moreover, the Government argues that the Medicare audit file is immaterial because such file contains records and documents relating to D&G billing and reimbursement practices. The Medicare audit file is simply not relevant to the charges of willfully filing false tax returns and conspiring to defraud the United States as it pertains to federal income taxes.

The undersigned has reviewed the entirety of the record and holds that Magistrate Judge Hornsby's Memorandum Order of April 22, 2019 was neither contrary to law nor clearly erroneous. The Poimboeufs are charged with conspiracy to defraud the United States and making false statements on income tax returns. The charges do not relate in any way to D&G's billing and/or reimbursement practices; thus, an investigative file relating to whether previously paid Medicare claims were fraudulent is irrelevant.[2] Like Magistrate Judge Hornsby, the undersigned will not compel the Government to produce an investigative file on charges that were not indicted. Without more, Mr. Poimboeuf has failed to demonstrate how Magistrate Judge Hornsby's Memorandum Order was contrary to law or clearly erroneous.

Accordingly,

**IT IS ORDERED** that the Magistrate Appeal (Record Document 65) filed by Defendant Robert C. Poimboeuf is **DENIED** and Magistrate Judge Hornsby's Memorandum Order of April 22, 2019 (Record Document 61) is **AFFIRMED**.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 18th day of October, 2019.

_____
S. MAURICE HICKS, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT

---

[2] In its opposition to the Magistrate Appeal, the Government argued that "an investigation into whether previously paid Medicare claims were fraudulent in some way is simply not relevant to whether Robert Poimboeuf, as a cash-basis taxpayer, correctly reported payments from Medicare (fraudulently or not) in the year that he received them." Record Document 68 at 6.