**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION NO. 18-00251-01/02 |
| VERSUS | JUDGE S. MAURICE HICKS, JR |
| ROBERT C. POIMBOEUF (01)<br>DONNA G. POIMBOEUF (02) | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM ORDER**

Before the Court is a Motion for Reconsideration of Memorandum and Order Denying Motion to Dismiss Superseding Indictment (Record Document 98) filed by Defendants, Robert C. Poimboeuf and Defendant Donna G. Poimboeuf ("the Poimboeufs" or "the Defendants"). The Poimboeufs seek reconsideration of the Court's ruling on multiple grounds: (1) there is no legitimate remaining dispute concerning the retention of funds by the Government in this case and there was an impermissible taking in the recoupment process; (2) the Poimboeufs' Fifth and Sixth Amendment rights are implicated by the Government's erroneous pre-trial restraint of their innocent funds, regardless of whether the civil Medicare action is directly connected to the criminal case; and (3) the Poimboeufs have demonstrated need. The Poimboeufs argue they should not stand trial without access to their funds and an opportunity to present a full defense.

In the context of criminal matters, a motion for reconsideration is a judicial creation not derived from statutes or rules. See U.S. v. Brewer, 60 F.3d 1142, 1143 (5th Cir. 1995); U.S. v. Salinas, 665 F.Supp.2d 717, 720 (W.D. Tex. 2009). A district court has continuing jurisdiction over its criminal cases and is free to reconsider its earlier decisions. See U.S. v. Scott, 524 F.2d 465, 467 (5th Cir. 1975); Salinas, 665 F.Supp.2d at 720. Yet, "[m]otions for reconsideration 'serve the narrow purpose of allowing a party to correct

manifest errors of law or fact or to present newly discovered evidence.'"  Salinas, 665 F.Supp.2d at 720, *quoting* U.S. v. Banks, No. 1:08-CR-113, 2009 WL 585506, at *1 (E.D. Tex. Mar. 6, 2009).

In their motion for reconsideration, the Defendants rehash the arguments presented in the initial briefing on the motion to dismiss and have not shown any change in controlling law, new evidence, or the need to correct a clear error of law or fact. None of the arguments presented in the instant motion convince the Court that it erred in denying the Motion to Dismiss the Superseding Indictment. Based on the showing made in the Defendants' motion, reconsideration is not warranted.

Accordingly,

**IT IS ORDERED** that the Defendants' Motion for Reconsideration of Memorandum and Order Denying Motion to Dismiss Superseding Indictment (Record Document 98) be and is hereby **DENIED**.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 25th day of October, 2019.

_____
S. MAURICE HICKS, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT